# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL DORCIK | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:08CV80-HSO-RHW |
| | § | |
| STATE FARM FIRE AND | § | |
| CASUALTY COMPANY | § | DEFENDANT |

## ORDER AND REASONS GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion of Defendant State Farm Fire and Casualty Company ["Defendant"] for Summary Judgment [8-1] filed on July 25, 2008. The Motion seeks dismissal of the Complaint on the grounds of settlement and release. The Motion has been fully briefed by the parties. After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Defendant's Motion for Summary Judgment should be granted.

## I. FACTS AND PROCEDURAL HISTORY

The Court issued an Order [23-1] on November 21, 2008, holding Defendant's Motion for Summary Judgment [8-1] in abeyance for fourteen days and stating that the Motion would be granted, unless Plaintiff established during that time, by appropriate and specific affidavit, his discovery of additional damage to the insured property that was unknown to the parties at the time the Settlement Agreement was signed. *See* Order [23-1], at p. 7. On December 4, 2008, Plaintiff filed an Affidavit [24-1] in response. *See* Pl.'s Aff. [24-1].

## II. DISCUSSION

A.  Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary judgment. The dispute must be genuine, and the facts must be material. *See Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999). With regard to "materiality," only those disputes of fact that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *See id.* (*citing Phillips Oil Company v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir. 1987)). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial." *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, the opposing party must present significant probative evidence, since "there is no issue for trial

unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Shields v. Twiss,* 389 F.3d 142,149-50 (5th Cir. 2004) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *See Anderson*, 477 U.S. at 249. The nonmovant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. *See Gaddis v. Smith & Nephew, Inc.*, 534 F. Supp. 2d 697, 699 (S.D. Miss. 2008).

B.  Analysis

   1.  Damage Known at the Time the Settlement Agreement was Signed

As the Court noted in its Order [23-1] holding in abeyance Defendant's Motion for Summary Judgment, the Settlement Agreement establishes that there was a meeting of the minds concerning the express terms of the written agreement, and that the Settlement Agreement is enforceable. *See* Order Holding in Abeyance Def.'s Mot. for Summ. J., at p. 4 (*citing Hastings v. Guillot,* 825 So. 2d 20, 23 (Miss. 2002)). Defendant has demonstrated that there is no genuine issue as to any material fact as to that damage to the insured property known to Plaintiff at the time the Settlement Agreement was signed, and that it is entitled to judgment as a matter of law as to these claims. *See* FED. R. CIV. P. 56. The Court will therefore grant Defendant's Motion as to any claims stemming from damage to the insured property sustained in Hurricane Katrina that was known to the parties when the Settlement Agreement was signed.

> 2. Additional Damage Discovered by Plaintiff that was Not Known to the Parties when the Settlement Agreement was Signed

Pursuant to this Court's Order [23-1], Plaintiff was required to detail in his affidavit any additional damage to the insured property that was unknown to the parties at the time the Settlement Agreement was signed. *See* Order [23-1], at p. 7. Plaintiff's Affidavit does not specifically identify any damage that was unknown at the time of the execution of the Settlement Agreement. Instead, the Affidavit consists of a chronology of events since Plaintiff's home was destroyed, and of legal arguments as to why summary judgment is inappropriate. *See* Pl.'s Aff. [24-1].

Plaintiff argues that

> During the mediation process, [his] public adjuster was denied access to State Farm's file concerning my claim. He accepted payment of $60,000.00 and signed the Mississippi Department of Insurance Hurricane Mediation Program Settlement Agreement, (See Exhibit A). [Plaintiff] was not present at the mediation and [ ] did not sign the agreement. However, [he] felt forced to accept the $60,000.00 due to my financial situation and the continued denials of my claims by State Farm. [Plaintiff] did not understand that this was a total and complete settlement of [his] claim against State Farm and believed that [he] could still pursue State Farm for my remaining damages.

Pl.'s Aff., at pp. 1-2.

Plaintiff also contends that State Farm reopened his claim on November 1, 2006, voluntarily participated in arbitration, and offered an additional $18,500.00, which he refused to accept. *See id.* at p. 2. Plaintiff argues that the present lawsuit is his "supplemental Katrina claim." *Id.*

"It is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it." *First Family Financial*

*Services, Inc. v. Fairley,* 173 F. Supp. 2d 565, 570 (S.D. Miss. 2001) (*citing Godfrey, Bassett & Kuykendall Architects, Ltd. v. Huntington Lumber & Supply Co., Inc.,* 584 So. 2d 1254, 1257 (Miss. 1991)). The Court acknowledges that Plaintiff may not have physically signed this Settlement Agreement himself. However, as the Court noted in its previous Order [23-1], Plaintiff executed a power of attorney, dated September 14, 2006. In this document, Plaintiff states that he

> give[s] permission to Ron F. Delo to be acting as [his] counsel and public adjuster with power of attorney in dealing with State Farm, concerning [his] claim with State Farm. He has [his] approval to accept settlement of $60,000.00 or amounts higher.

Power of Attorney, attached as Ex. "A" to Def.'s Mot. to Strike.

Mr. Delo was clearly Plaintiff's authorized agent during the mediation with, and settlement of his claims against, State Farm. Mississippi law provides that an agent's knowledge and information gained in conducting his principal's business is imputed to the principal, even if that knowledge or information is not communicated by the agent to the principal. *See Lane v. Oustalet*, 873 So. 2d 92, 95-96 (Miss. 2004).

Plaintiff has not sufficiently established the discovery of any additional damage unknown to the parties at the time they executed the Settlement Agreement. For this reason, and for the reasons more fully stated in the Court's Order [23-1] dated November 21, 2008, summary judgment is appropriate. *See* FED. R. CIV. P. 56.

## III. CONCLUSION

For the reasons stated more fully herein, the Court is of the opinion that Defendant's Motion for Summary Judgment should granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, the Motion of Defendant State Farm Fire and Casualty Company for Summary Judgment, filed on July 25, 2008 [8-1], should be and is hereby **GRANTED,** and all claims asserted against Defendant State Farm Fire and Casualty Company are hereby dismissed with prejudice, with each party to bear its own costs.

**SO ORDERED AND ADJUDGED**, this the 23rd day of January, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE